[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR ALIMONY PENDENTE LITE, DEFENDANT'S MOTION TO DISMISS, AND PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PENDENTE LITE
The parties are in dispute as to whether the parties entered into a valid marriage according to the customary law of the country of Ghana.
From the evidence presented the Court finds that the parties were validly married on August 30, 1996, according to the customary law of Ghana.
The parties are also in dispute regarding the defendant's gross weekly income. The court finds that his gross weekly income is $2,508.80 and that his net weekly income is $1,501.49. The defendant owns stocks and bonds with a value between $2,000 and $2,200. He also has a combined 401k and profit sharing plan with a total value of $44,500. The court finds that the plaintiff's gross weekly income is $673 and her net weekly income including a $20 weekly flexible spending medical account is $508.
The court further finds from the evidence presented that the plaintiff has incurred reasonable counsel fees totaling $42,525 most of which were incurred as a result of the defendant challenging whether the parties were validly married.
The court has considered the statutory criteria in entering the following orders:
1. Alimony pendente lite is awarded to the plaintiff in the amount of $200 per week retroactive to June 19, 2000, which is the date the motion for alimony pendente lite was filed. The arrearage is to be paid in full by April 18, 2002. Interest on the arrearage is to run at the rate of 8% per annum if not paid in full by April 18, 2002.
2. The court orders that $15,000 of the pendente lite attorney's fees also be paid by April 18, 2002. The balance of the attorney's fees is to be paid at the rate $200 per week commencing April 25, 2002, and weekly CT Page 3251 thereafter. Interest is to run at the rate of 8% per annum on the unpaid balance in the event the lump sum payment is not made when due or in the event any of the weekly payments are not made when due. The order of attorney's fees is intended to be in the nature of alimony and therefore non-dischargable in bankruptcy.
3. The defendant's motion to dismiss based on lack of subject matter jurisdiction is denied.
AXELROD, JTR